IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| PETER ZAREAS | : | Case No. 05-04759 (GAC) |
| VERONICA FAYE ZAREAS | : | |
| | : | |
| Debtors | : | CHAPTER 7 |
| | : | |
| | : | |
| LUIS BARED SAN MARTIN | : | |
| ANA M. ESPINOSA | : | |
| | : | |
| Movants | : | |
| | : | |
| v. | : | MOTION FOR RELIEF |
| | : | FROM STAY |
| PETER ZAREAS | : | |
| VERONICA FAYE ZAREAS | : | |
| | : | |
| Respondents | : | |

**DECISION AND ORDER**

I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Pending before the Court is a Motion for Relief from Stay filed by Luis Bared San Martin and Ana M. Espinosa ("Movants"). On May 24, 2005, Peter Zareas and Veronica Faye Zareas ("Debtors") filed a voluntary petition under Chapter 7. On June 10, 2005, Movants filed a Motion for Relief from Stay (Docket #8). Debtors filed an Urgent Motion to deny relief from stay (Docket #13). On June 30, 2005, the Court entered an order denying the Movants request for failure to comply with the Servicemembers Civil Relief Act ("SCRA") and failure to provide translated exhibits (Docket #16).

On July 6, 2005, Movants filed a motion for reconsideration and reply to Debtors' urgent motion to deny motion for relief from stay (Docket #26); and a Memorandum of Law in support (Docket #28). Debtors filed a motion requesting that the Court deny reconsideration or order Movants to proceed by way of an adversary with the scheduling of depositions (Docket #33).

Subsequently, Movants filed a second Motion for Relief from Stay (Docket #36);[1] and a Memorandum of Law in support (Docket #37). In its motion and memorandum, Movants request leave to proceed with a judgment of eviction entered by the Court of Original Pleas, Superior Part of San Juan, in the case of Luis Bared San-Martin, et al., v. Angela Lynn Zareas, et al., Civil No. KDP2003-1129(805) ("San Juan Superior Court").[2] Specifically, Movants argue that Debtors are in possession of an apartment belonging to the Movants without any contractual or proprietary

---

[1] Movants attach three exhibits to their Motion for Relief from Stay, including: (1) Exhibit 1: Certified Translation of the Resolution entered by the Court of Appeals, San Juan Judicial Region, Panel V, on April 25, 2005, in Case No. KDP2003-1129; (2) Exhibit 2: Certified Translation of the Resolution entered by the Court of Appeals, San Juan Judicial Region, Panel III, on March 31, 2005, in Civil No. KPE2002-1781; (3) Exhibit 3: Declaration Under Penalty of Perjury of Luis Bared San Martin in compliance with Servicemembers Civil Relief Act.

[2] The Court takes judicial notice of the fact that Debtors and their daughter, Angela Lyn Zareas, were sued in San Juan Superior Court in an eviction proceeding and judgment was entered against them in Civil No. KDP2003-1129(805). The Debtor and Ms. Zareas appealed the decision and the Puerto Rico Court of Appeals confirmed the determination as entered by the San Juan Superior Court. Through Resolution, the Court of Appeals found that Angela Lyn Zareas and parents held the status of illegal detainers, establishing grounds for entry of eviction through either summary or ordinary proceedings (Docket #36, Exhibits 1, 2). Debtors and Ms. Zareas proceeded to file a writ of certiorari before the Puerto Rico Supreme Court; and this Court affirmed the decisions of the San Juan Superior Court and the Puerto Rico Court of Appeals.

rights to the property; that there was no contract between Debtors and Movants at the time of the bankruptcy filing; that the apartment is not an asset of the bankruptcy estate; and that the San Juan Superior Court issued a judgment of eviction against Debtors prior to the filing of the bankruptcy petition; and the judgment of the San Juan Superior Court was affirmed by the Puerto Rico Court of Appeals and the Puerto Rico Supreme Court, making the issue res judicata.

Debtors answered the motion for relief from stay and requested that said motion be denied. Specifically, Movants state that their daughter, Angela Lyn Zareas, was awarded apartment #603, located at the Candina Reef Condominium, in addition to alimony, attorneys fees, and medical coverage, as a provisional remedy in the divorce proceedings with Movants' son, Luis Bared Jr. Prior to filing for divorce it is alleged that Luis Bared Jr. sold the apartment to his parents for no money or consideration. Moreover, days after the final hearing awarding their daughter alimony, Luis Bared Jr. filed for bankruptcy (Case No. 04-09172(ESL)). Debtors also allege that Angela Lyn Zareas filed cases in federal court under the R.I.C.O. statute and for fraudulent transfer. Finally, Debtors request that if the motion to reconsider is granted, that the Court order: (1) The motion to reconsider be converted to an adversary proceeding; (2) Waiver of any scheduling conferences; (3) Setting dates for uninterrupted depositions of Movants and their

son; (4) Order Movants to provide Debtors with any exhibits and allow debtors the opportunity to examine the authenticity, accuracy, and completeness of the exhibits; and (5) Set a hearing date following the deposition.

The interim Chapter 7 Trustee filed a response to the motion for relief from stay (Docket #41). In its motion, Trustee indicates that it does not oppose the relief requested by Movants and states that the documents in support of the motion for relief from stay shows that there was no lease at the time of the filing and/or executory contract to assume or reject. Trustee further avers that the state courts have determined that Debtors have no proprietary interest in the subject property.

The Counsel of Owners of the Candina Reef Condominium ("Counsel"") also filed a motion in the instant case (Docket #45).[3] In its motion, the Counsel averred that according to a title study, the apartment was transferred to the Movants by Luis Bared Jr, and the Movants are the rightful owners of the apartment. On September 2, 2005, the Bankruptcy Court held a hearing on the motion for relief from stay. The parties presented their arguments and the Court took the matter under advisement (Docket #47).

---

[3]This motion was filed in compliance with the Court's order entered on July 19, 2005, to show cause as to why they willfully violated the stay (Docket #27). The order to show cause was entered by the Court in response to Debtors' motion for an order to show cause for willful violation of the stay against the Building Administrator and the Counsel of Owners of the Candina Reef Condominium (Docket #15). Debtors' motion alleged that the Counsel was violating the stay by trying to collect fees owed and threatening to disconnect services, even after they had knowledge of the bankruptcy filing.

II. DISCUSSION

The filing of a petition under 11 U.S.C. § 301 operates as a stay of an act against property of the estate. The term "property of the estate" is defined in Code Section 541(a)(1) as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The stay also prevents the continuation of judicial or other actions, including eviction proceedings, that were commenced before the filing of the case in bankruptcy. In the instant case, the automatic stay has prevented Movants from proceeding further with the state court judgment, and thus, they are requesting that this Court lift the stay in order to continue with the execution of the judgment of eviction. 11 U.S.C. § 362(d) establishes the grounds for granting relief from the stay. Specifically, § 362(d)(2)(A) states in relevant part that:

> [o]n request of a party in interest and after notice and a hearing, the court shall grant relief from stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay: (1) . . . (2) with respect to a stay of an act against property under subsection(a) of this section, if: (A) *the debtor does not have equity in the property;* and (B) such property is not necessary for reorganization . . .

(emphasis added). 11 U.S.C. § 362(d)(2)(A).

The Court finds that Movants have met their burden of proof under 11 U.S.C. § 362, and have established that apartment #603 located at the Candina Reef Condominium, San Juan, Puerto Rico is not property of the estate and that Debtors have no legal interest

5

in the property at issue.[4]  See In re Gromyko, Inc., 142 B.R. 20, 21 (Bankr. D. R.I. 1992).  The relevant facts of the instant case are undisputed, namely:  (1) At the time of the filing of the bankruptcy petition, title to the apartment was held by Movants, who had acquired the property from their son, Luis Bared Jr. for the total amount $575,000, as evidenced in Deed No. 12 (see Docket #45, Exhibits 3, 4); (2) there was no lease agreement between Debtors and Movants on the filing of the bankruptcy petition; and (3) a judgment of eviction was entered by the San Juan Superior Court, and subsequently upheld by the Puerto Rico Court of Appeals and the Puerto Rico Supreme Court (see Docket #36, Exhibits 1, 2).

An analysis of the case law, shows that although Debtors' possession of the premises "may" create an equitable interest in the property, such interest is "nebulous" at best. (emphasis added) In Re Gromyko, 142 B.R. at 21.  In the case of In re Youngs, it was shown that where a Plaintiff and Defendant never had a landlord-tenant relationship, the debtor's "de facto possessory interest which he s[ought] to protect under the automatic stay [w]as really no interest at all." In re Youngs, 7 B.R. 69, 71 (Bankr. D. Mass. 1980).[5]  Furthermore, the fact that the automatic stay gives limited and temporary protection to Debtors, "based solely on naked

---

[4]The Court takes note of the Appellate Court Resolution finding that "Mrs. Zareas has no active legitimacy to claim the right to a secure home on the private property of her ex-husband and even less if said property was no longer his patrimony." (Civil No. KPE2002-1781(603).

[5]In that case, the Plaintiff was the owner of a parcel of property being used by Debtor for income production. In re Youngs, 7 B.R. 69.  Similar to the case at bar, there was no lease agreement between the Owner and the debtor.

6

possession, does not mean that there is a viable executory contract which debtor may assume. . . ." Id. (citing In re Maxwell, 40 B.R. 231, 237 (D.C. Ill. 1984) (quoting Matter of R.R.S. Inc., 7 B.R. 870, 872 (Bankr. M.D. Fla. 1980).[6]

Moreover, Debtors were afforded due process and had an opportunity to present their arguments in the San Juan Superior Court, and ultimately through their appeals brought before the Puerto Rico Court of Appeals and the Puerto Rico Supreme Court. Although they may not agree with the local court's decisions, this Court finds that state court judgment of eviction entered prior to the filing of the bankruptcy petition, is res judicata and Debtors may not retry those issues before this Court. Kelleran v. Andrijevic, 825 F.2d 692 (2nd Cir. 1987), cert denied, 484 U.S. 1007, 98 L. Ed. 2d 652, 108 S.Ct. 701 (1988).

III. CONCLUSION

Based on the arguments of the parties, evidence presented, and the position of the Interim Trustee, the Court finds that the Movants have met their burden of proof under 11 U.S.C. 362 and have established that the Debtors have no interest in the subject property. Therefore, the property at issue is not property of the

---

[6]At the hearing held on September 2, 2005, Debtors averred that their daughter filed an adversary proceeding in Luis Bared Jr.'s bankruptcy case (Case No. 04-09172) for fraudulent transfer and unpaid alimony; a suit under the R.I.C.O. statute; and a separate suit for fraudulent transfer of the apartment at the Candina Reef Condominium (Docket #50, Transcript). The Court is unaware of the status of these proceedings. In Debtors' motions, they also aver that the parties have been in litigation for the past 3 years. The Court finds the lawsuits pending in local and federal court dispose of many of the issues raised by Debtors, including the alleged fraudulent transfer of the subject property and are properly before those courts.

estate and Movants may proceed with the execution of the judgment of eviction in state court.

## ORDER

WHEREFORE, the Motion for Relief from Stay (Dkt. #36) filed by Luis Bared San Martin and Ana M. Espinosa, shall be, and hereby is GRANTED.

The Clerk to provide notice of this order.

SO ORDERED.

San Juan, Puerto Rico, this 8th day of September, 2005.

_____
GERARDO A. CARLO
U.S. Bankruptcy Judge

8